UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 22-cr-318 (KMM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Jeremiah Michael Holmes (1), and<br>Nadean Hope Rans (2), | |
| Defendants. | |

---

Lauren Olivia Roso, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government);

Eric Hawkins, Hawkins Law Office, P.A., 3201 Hennepin Avenue South, Minneapolis, MN 55408 (for Defendant Jeremiah Michael Holmes); and

Kenneth U. Udoibok, Kenneth Ubong Udoibok, P.A., 310 Fourth Avenue South, Suite 5010, Minneapolis, MN 55415 (for Defendant Nadean Hope Rans).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on several pretrial motions.

Defendant Jeremiah Michael Holmes has filed the following motions:

1. Motion for Disclosure of 404(b) Evidence, ECF No. 27;

2. Motion for Disclosure of Jencks Act Materials, ECF No. 28;

3. Motion for Discovery and Inspection, ECF No. 29;

4. Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 30;

5. Motion for Early Disclosure of Witness and Exhibit Lists, ECF No. 31;

1

6. Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 32; and

7. Motion for Government Agents to Retain Rough Notes, ECF No. 33.

Defendant Nadean Hope Rans filed a Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(a), 16(a)(1)(D), 16(a)(1)(E), 16(a)(1)(F), 16(a)(1)(G), and *Brady v. Maryland*, 373 U.S. 83 (1963), ECF No. 34.

These motions were scheduled to be heard by the undersigned on January 11, 2023. ECF No. 19 at 3. The parties subsequently requested that the hearing be cancelled, and the motions be decided on the papers. ECF Nos. 37, 39. The hearing was stricken, and the motions were taken under advisement. ECF Nos. 38, 40. Based upon the record and memoranda, **IT IS HEREBY ORDERED** as follows:

1. Defendant Holmes' Motion for Disclosure of 404(b) Evidence, ECF No. 27, is **GRANTED IN PART** and **DENIED IN PART**. Defendant Holmes requests disclosure of "any 'bad act' or 'similar course of conduct' evidence'" the Government intends to introduce at trial under Rule 404(b) of the Federal Rules of Evidence and "the witnesses through whom such evidence will be presented at trial." ECF No. 27.

The Government states that it "acknowledges its obligation to give notice under Rule 404(b)." Gov't's Consolidated Resp. at 3, ECF No. 35. The Government "proposes to make its Rule 404(b) notification two weeks prior to trial." *Id*. The Government "requests that any order be strictly drawn to require no more than what is encompassed by Rule 404(b)," and objects to any order requiring disclosure of "acts that are 'intrinsic' to the charged offense." *Id*. at 3-4.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Rule 404(b) does not, however, require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971).

Further, "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

No later than two weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the

3

Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C). The motion is otherwise denied.

2. Defendant Holmes' Motion for Disclosure of Jencks Act Materials, ECF No. 28, is **DENIED**. Defendant Holmes seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least two weeks prior to trial. While the Government objects to any Court-ordered early disclosure, the Government states that it will voluntarily "provide [Defendant Holmes] with all Jencks Act materials two weeks prior to the commencement of trial." Gov't's Consolidated Resp. at 4.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant Holmes' request for early disclosure of Jencks Act materials is

4

therefore denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than two weeks before trial as proposed by the Government.

3. Defendant Holmes' Motion for Discovery and Inspection, ECF No. 29; and Defendant Rans' Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(a), 16(a)(1)(D), 16(a)(1)(E), 16(a)(1)(F), 16(a)(1)(G), and *Brady v. Maryland*, 373 U.S. 83 (1963), ECF No. 34, are **GRANTED IN PART** and **DENIED IN PART**. Additionally, Defendant Holmes' Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 30, is **GRANTED**.

Defendants Holmes and Rans generally seek materials subject to disclosure under Rule 16(a)(1)(A), (B), (D), (E), (F), and (G) of the Federal Rules of Criminal Procedure as well as an order for continuing disclosure.

The Government states that it "has complied with its discovery obligations to date" and "will continue to comply with its discovery obligations under the Federal Rules of Criminal procedure and applicable case law." Gov't's Consolidated Resp. at 4-5; *accord* Gov't's Resp. to Def. Rans' Pretrial Motion at 3, ECF No. 36. The Government additionally proposed two weeks before trial for expert disclosures. Gov't's Consolidated Resp. at 5; *accord* Gov't's Resp. to Def. Rans' Pretrial Motion at 3-4.

Defendants' motions are granted in part to the extent they seek responsive information subject to disclosure under Rule 16(a)(1)(A), (B), (D), (E), and (F) that remains in the Government's control and has not yet been produced. Such information shall be produced as soon as practicable. Defendants' motions are further granted in part to the

5

extent they seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.

The Court finds that making expert disclosures 28 days prior to trial provides a fair opportunity for each party to meet the other side's expert evidence. Accordingly, no later than 28 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 14 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

Defendants' motions are denied in all other respects. *See Johnson*, 228 F.3d at 924.

4. Defendant Holmes' Motion for Early Disclosure of Witness and Exhibit Lists, ECF No. 31, is **GRANTED IN PART** and **DENIED IN PART**. Defendant Holmes seeks disclosure of a copy of the Government's witness and trial exhibit lists no later than 180 days prior to trial. Defendant Holmes contends that disclosure "will aid defense counsel in preparing its defense, in light of the significant volume of discovery and complex nature of this case." *Id*.

The Government states that it will provide witness and exhibit lists in accordance with any scheduling order issued by the district court. The Government opposes any attempt to compel witness or exhibit lists before then. Gov't's Consolidated Resp. at 5-6.

The trial judge will determine the procedures under which trial will proceed in this

manner, including the deadlines for production of witness and exhibit lists. Moreover, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249; *see also, e.g.*, *United States v. Sandoval-Rodriguez*, 452 F.3d 984, 990 (8th Cir. 2006) ("As a general rule, a defendant in a noncapital case has no right to require disclosure of government witnesses." (quotation omitted)). Defendant Holmes' motion is granted only to the extent such disclosure may be ordered by the district court in preparation for trial, and is otherwise denied.

5.  Defendant Holmes' Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 32; and Defendant Rans' request for *Brady* material, *see* ECF No. 34 at 1, are **GRANTED IN PART** and **DENIED IN PART**. Defendants seek disclosure of evidence favorable to them under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.

The Government states that it is aware of its obligations under these authorities and will comply fully with those obligations. The Government objects to the extent Defendants seek disclosures beyond the requirements of *Brady*, *Giglio*, and their progeny.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "The [Supreme] Court has extended

7

*Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Defendant Holmes' motion and Defendant Rans' request are granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 materials. *See United States v. Mazzulla*, 952 F.3d 1091, 1100 (8th Cir. 2019). If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.

To the extent Defendants seek discovery and disclosures outside the Government's obligations or seeks materials that have already been produced, the motion and request are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal

8

defendants do not have a general constitutional right to discovery.").

6. Defendant Holmes' Motion for Government Agents to Retain Rough Notes, ECF No. 33, is **GRANTED**. Defendant Holmes move "for an Order requiring any law enforcement agents to retain and preserve all rough notes taken as a part of their investigation, whether or not the contents of such rough notes are incorporated in official records." ECF No. 33 at 1.

The Government states that it "has instructed law enforcement to retain their rough notes and all evidence gathered in connection with the investigation until final disposition of the charges against [Defendant Holmes]." Gov't's Consolidated Resp. at 7.

Defendant Holmes' request for the retention and preservation of all rough notes is granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

7. All prior consistent orders remain in full force and effect.

8. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: February __10__, 2023         _____s/Tony N. Leung_____
                                    Tony N. Leung
                                    United States Magistrate Judge
                                    District of Minnesota

                                    *United States v. Holmes et al.*
                                    Case No. 22-cr-318 (KMM/TNL)